**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUX EAP, LLC, a Wyoming Limited Liability Company, | No. 19-55453 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 5:17-cv-01359-DMG-SP |
| v. | |
| KATHLEEN A. BRUNER; ROBERT BRUNER, | MEMORANDUM* |
| Defendants-counter-claimants-Appellees, | |
| v. | |
| PHIL NEUMAN; COLIN C. CONNER II, | |
| Counter-defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 12, 2020
Pasadena, California

Before: BERZON, TALLMAN, and R. NELSON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lux EAP, LLC ("Lux") appeals from a certified final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Appellees Kathleen and Robert Bruner following the district court's grant of partial summary judgment on all of the claims raised by Lux and some of the counterclaims raised by the Bruners, and its denial of Lux's motions to withdraw admissions and to strike pursuant to Federal Rules of Civil Procedure 36(b) and 12(f). On appeal, Lux argues that the district court abused its discretion by not granting its motions, and also that the district court erred in its interpretation of the parties' contracts. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court did not abuse its discretion in denying Lux's motion to withdraw admissions. The court concluded after a hearing that both prongs of Rule 36(b) were met. But it nonetheless exercised its discretion to deny Lux's motion, holding that Lux had not shown good cause for its delay in seeking relief from the deemed admissions because, although Lux had been aware of its admissions for weeks, it failed to file a motion to withdraw them prior to the summary judgment hearing. The court could have granted Lux's motion to withdraw on these facts, but it was not obligated to do so. *See* Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621–25 (9th Cir. 2007). The court properly weighed the Rule 36(b) factors, considered the relevant caselaw, the history of the parties' conduct of the litigation, and exercised its discretion to deny

2

Lux's motion.

The district court likewise did not abuse its discretion in denying Lux's motion to strike. The timeliness argument Lux sought to strike was raised in the Bruners' summary judgment motion. But even if the argument were first raised in the Bruners' reply brief, it was not an abuse of discretion for the district court to consider it because the district court gave Lux the opportunity to respond in supplemental briefing—an offer Lux declined. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003).

Since the district court did not err in refusing the request to withdraw the damaging admissions and relying upon them in awarding partial summary judgment to the Bruners, we need not reach the alternative ground that the contract language did not support LUX's argument that the management agreement was in fact a sale of the company.

Costs are awarded to Appellees.

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

FILED

APR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I respectfully dissent. I would hold that the district court abused its discretion when it denied Lux's motion to withdraw admissions.

This case is quite different from *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007), in which the defendant warned the plaintiff repeatedly over a two-month period that he had missed the deadline to respond to the defendant's requests for admissions and the plaintiff "could not show good cause for his dilatory conduct." Here, Lux e-mailed its responses to the Bruners on the day they were required to be served, and served them by mail two days later. There is no dispute that the Bruners received the e-mailed responses on the day Lux sent them. Thus, the "delay" relied upon by the district court was just a technical failure to follow the service rules, which did not allow service by e-mail. There was no *actual* delay in communicating responses, and so no possible prejudice to the Bruners.

Moreover, the Bruners themselves did not identify the e-mail service problem in their opening brief on summary judgment. Instead, they miscalculated the deadline and argued that Lux had failed to meet the incorrectly calculated deadline. It was not until their reply brief that the

1

Bruners first indicated that Lux's responses were late because e-mail service was not permitted. At that point, Lux's counsel made the unwise but understandable decision to wait to move to withdraw the admissions until the already-scheduled hearing on the motions for summary judgment two weeks later, instead of filing a disfavored *ex parte* motion.

Given the mistakes on both sides and the lack of any prejudice whatsoever to the Bruners, it was an abuse of discretion to deny Lux's motion. Lux should have been permitted to withdraw the admissions. I would therefore reverse and remand the claims on which the district court concluded that the Bruners were entitled to summary judgment based solely on the admissions. As the majority does not reach the contract-interpretation claim on the merits, I do not either.